O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADAMES RAY DIAZ,<br><br>            Petitioner,<br><br>    v.<br><br>C. WOFFORD,<br><br>            Respondent.<br>_____ | ) Case No. CV 15-2411-JGB (KK)<br>)<br>)<br>) **MEMORANDUM AND ORDER**<br>) **SUMMARILY**<br>) **DISMISSING ACTION**<br>)<br>)<br>)<br>)<br>) |

     Radames Ray Diaz ("Petitioner"), a California state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), challenging the sentence imposed for his December 2004 conviction for assault with a deadly weapon in Los Angeles County Superior Court. As discussed below, the Court finds the Petition untimely under the one-year statute of limitations for federal habeas petitions challenging state court convictions. Accordingly, the Petition is dismissed with prejudice.

///
///
///
///

# I.

# **PROCEDURAL HISTORY**[1]

In December 2004[2], Petitioner pleaded nolo contendere to and was convicted of a count of assault with a deadly weapon in Los Angeles County Superior Court. See Pet. at 2.[3]  In December 2004, the trial court sentenced Petitioner to fourteen years in state prison.  Id.

Petitioner does not appear to have pursued a direct appeal of his conviction. Id. at 5.  However, on December 17, 2014, Petitioner filed a petition for a writ of habeas corpus in Los Angeles County Superior Court.  Id. at 7.  On January 22, 2015, the Superior Court denied the petition.  Id. at 7-8.

On March 22, 2015, Petitioner constructively filed[4] the instant Petition. (ECF Docket No. ("dkt.") 1).  On April 6, 2015, the Court issued an Order to Show

---

[1]  Because Respondent has not lodged documents relating to Petitioner's proceedings in state court, the Court relies on the Petition's allegations when summarizing these proceedings.

[2]  The Petition does not specify the precise dates of Petitioner's plea, conviction, and sentence.

[3]  The Court refers to the pages of the Petition as if they were consecutively paginated.

[4]  Under the "mailbox rule," which "applies to federal and state petitions alike[,]" Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010), a "habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court, not when the petition is filed by the court." Ramirez v. Yates, 571 F.3d 993, 996 n.1 (9th Cir. 2009) (internal quotation marks and citation omitted); see Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  In the absence of evidence to the contrary, a petition may be deemed delivered to prison authorities (and thus, constructively filed) on the day the petition was signed.  See Porter III v. Ollison, 620 F.3d 952, 955 & n. 2 (9th Cir. 2010).

1 Cause Why This Action Should Not Be Dismissed as Untimely ("OSC"). (Dkt. 3).
2 Petitioner has failed to file a timely response to the Court's OSC.

## II.

## DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

### A. Petitioner Did Not File His Petition Within AEDPA's One-Year Limitations Period

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[5] In the instant case, Petitioner's conviction became "final" sixty days after the date of his sentencing—the time available for filing a direct appeal under then-governing California Rule of Court 30.1[6]—sometime in February 2005. Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has

---

[5] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

[6] Rule 30.1 was renumbered Rule 8.308 as of January 1, 2007.

3

been finally denied.").[7] Consequently, under Section 2244(d)(1)(A), the AEDPA limitations period commenced in February 2005 and lapsed a year later in February 2006. 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a). Petitioner did not constructively file this action until March 22, 2015—roughly nine years after the limitations period elapsed. Hence, the Petition is untimely under Section 2244(d)(1).

B.    **Statutory Tolling Cannot Render The Petition Timely**

AEDPA sets forth a statutory tolling provision which suspends Section 2244(d)(1)'s limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Here, Petitioner constructively filed a state habeas petition in the Los Angeles County Superior Court on December 17, 2014, which was denied on January 22, 2015. However, this petition cannot be a basis for statutory tolling because the statute of limitations would have expired prior to its filing. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (state habeas petition did not toll the period of limitations "because the limitations period had already run"). Thus, statutory tolling does not render the Petition timely.

C.    **Petitioner Has Not Satisfied His Burden To Demonstrate He Is Entitled To Equitable Tolling**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold

---

[7]    Petitioner could not gain direct review on certiorari to the U.S. Supreme Court because he did not properly appeal to California's court of last resort. See 28 U.S.C. §§ 1257, 2101(d).

4

1  necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark,
2  628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks
3  omitted).  The "extraordinary circumstances" requirement means equitable tolling
4  will not be available in most cases.  Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d
5  1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist.
6  Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (internal quotation marks
7  omitted).  "The Supreme Court and the policies behind AEDPA require that
8  equitable tolling be used only to protect diligent petitioners facing extraordinary
9  circumstances that prevent them from timely filing federal habeas petitions."
10 Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing Pace,
11 544 U.S. at 417).

12       A petitioner "bears a heavy burden to show that [he] is entitled to equitable
13 tolling, lest the exceptions swallow the rule."  Rudin v. Myles, 781 F.3d 1043,
14 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).  "The
15 petitioner must establish two elements:  (1) that he has been pursuing his rights
16 diligently, and (2) that some extraordinary circumstance stood in his way."
17 Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (internal citation and
18 quotation marks omitted).  Conclusory "assertions rarely suffice to meet the burden
19 of demonstrating entitlement to equitable tolling."  Williams v. Dexter, 649 F.
20 Supp. 2d 1055, 1062 (C.D. Cal. 2009) (internal citation omitted).

21       Petitioner does not allege any facts suggesting he is entitled to equitable
22 tolling of the limitations period.  Accordingly, the Court holds the Petition is
23 untimely under 28 U.S.C. section 2244(d)(1) and must be denied.
24 ///
25 ///
26 ///
27
28

# III.
# **ORDER**

Based upon the foregoing reasons, the Court finds the Petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

ACCORDINGLY, IT IS HEREBY ORDERED that Judgment be entered summarily dismissing this action with prejudice.

DATED:  May 5, 2015

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE